Dear Mr. Privat:
On behalf of the Louisiana Rice Promotion Board ("Board"), you requested an Attorney General's opinion regarding the collection of the assessment on rice produced in this state. You question whether, under Louisiana law, the Board has the authority to collect the assessment.
The assessment was levied by La. R.S. 3:551.64, which provides in pertinent part:
A. Levy of assessment.
 (1) There is hereby levied an assessment at the rate not to exceed three cents per hundredweight, or the equivalent thereof, of dry rough "paddy" rice produced in this state and a rate not to exceed two and seventy one-hundredths cents per hundredweight, or the equivalent thereof, on rice produced in this state and sold on a "green weight" basis.
* * * * *
 E. Collection and enforcement. The assessment levied by this Part shall be collected by the commissioner. On rice sold by the producer, collection shall be from the buyer of the rice at the first point of sale only. On rice put under loan or purchased by the Commodity Credit Corporation and delivered to the Commodity Credit Corporation, collection shall be from the producer, or from the Commodity Credit Corporation on the producer's behalf. On seed rice, collection shall be from the handler performing the cleaning.
 * * * * * *Page 2 
H. Transfer of funds.
 (1) The commissioner of agriculture shall annually pay over to the Louisiana Rice Promotion Board the funds collected less the actual cost of administering and collecting the assessment levied herein up to but not to exceed two percent of the gross amount collected.
 (2) The annual settlement to the Louisiana Rice Promotion Board shall be made as of the first day of July of each year and shall be accompanied by a complete audit of all funds collected and disbursed, and costs actually incurred in the collection and administration of the assessment.
R.S. 3:551.64(E) specifically provides that the assessment shall be collected by the commissioner. The commissioner is defined by R.S. 3:551.61 as "the Commissioner of Agriculture for the state of Louisiana". Therefore, it is the opinion of our office that the Board is not authorized to collect the assessment.
While the assessment must be collected by the commissioner, he is required to pay over the funds collected to the Board on an annual basis. R.S. 3:551.64(H)(1) and (2) provide that the funds collected, less the cost of administering and collecting the assessment, are to be paid to the Board on the first day of July of each year.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General